1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ASHLEY R. CLINE,

    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

    Defendant.

NO.  CV-11-3079-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 18 and Defendant's Motion for Summary Judgment, ECF No. 21. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Franco L. Becia.

**I.    Jurisdiction**

On May 24, 2007, Plaintiff protectively filed an application for child's insurance benefits based on disability, as well as protectively filed an application for supplemental security income. Plaintiff alleges she has been disabled since

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

May 1, 2002, due to ADHD, depression, anxiety, possible bipolar disorder, PTSD, Hepatitis C. (Tr. 222.)

Her application was denied initially and again denied on reconsideration. A timely request for a hearing was made. On September 18, 2009, Plaintiff appeared at a video hearing in Yakima, Washington before Administrative Law Judge (ALJ) Moira Ausems, who was presiding in Spokane, Washington. Plaintiff was represented by Thomas Bothwell, an attorney. K. Diane Kramer, a vocational expert, also participated.

The ALJ issued a decision on December 31, 2009, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which was denied March 9, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on August 12, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

1    Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R.

2    §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and

3    requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574,

4    416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is

5    engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571,

6    416.920(b). If he is not, the ALJ  proceeds to step two.

7    Step 2: Does the claimant have a medically-severe impairment or

8    combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the

9    claimant does not have a severe impairment or combination of impairments, the

10    disability claim is denied. A severe impairment is one that lasted or must be

11    expected to last for at least 12 months and must be proven through objective

12    medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is

13    severe, the evaluation proceeds to the third step.

14    Step 3: Does the claimant's impairment meet or equal one of the listed

15    impairments acknowledged by the Commissioner to be so severe as to preclude

16    substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R.

17    § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed

18    impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the

19    impairment is not one conclusively presumed to be disabling, the evaluation

20    proceeds to the fourth step.

21    Step 4: Does the impairment prevent the claimant from performing work she

22    has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant

23    is able to perform her previous work, she is not disabled.  *Id.*  If the claimant

24    cannot perform this work, proceed to the fifth and final step.

25    Step 5: Is the claimant able to perform other work in the national economy

26    in view of her age, education, and work experience?  20 C.F.R. §§ 404.1520(f),

27    416.920(f).

28    The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

1    case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098

2    (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

3    mental impairment prevents her from engaging in her previous occupation. *Id*. At

4    step five, the burden shifts to the Commissioner to show that the claimant can

5    perform other substantial gainful activity. *Id.*

6 **III.   Standard of Review**

7       The Commissioner's determination will be set aside only when the ALJ's

8    findings are based on legal error or are not supported by substantial evidence in

9    the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)

10    (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

11    *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance."

12    *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial

13    evidence is "such relevant evidence as a reasonable mind might accept as adequate

14    to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the

15    ALJ's denial of benefits if the evidence is susceptible to more than one rational

16    interpretation, one of which supports the decision of the administrative law judge.

17    *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can

18    support either outcome, the court may not substitute its judgment for that of the

19    ALJ." *Matney*, 981 F.2d at 1019.

20       A decision supported by substantial evidence will be set aside if the proper

21    legal standards were not applied in weighing the evidence and making the

22    decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th

23    Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are

24    immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec.*

25    *Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

26 **IV.   Statement of Facts**

27       The facts have been presented in the administrative transcript and the ALJ's

28    decision, and will only be summarized here.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

At the time of the hearing, Plaintiff was 26 years old. She is obese. She is single and has a daughter. Her daughter is being raised by her grandmother. The highest level attained in high school was ninth grade, but she eventually obtained her GED.  She does not have significant past employment. She worked a short time as a carnival worker, a fast food cook, and at a Subway Sandwich Shop. The last time she worked was in 2004.

In fifth grade, Plaintiff was referred for a special education assessment due to her long term social, emotional, and behavior problems. Although she was able to demonstrate age/grade appropriate academic skills, her distractibility, poor self-management skills and poor organizational skills significantly impacted her grades and classroom performance. By the time she was fourteen, she was considered Seriously Behaviorally Disabled by the Naches Valley School District. She was diagnosed at an early age with PTSD, due to suffering an extremely difficult childhood. She was sexually molested by her uncle and sexually exploited by her step-grandfather. Her mother served six years in prison in California for involuntary manslaughter of a police officer and related drug charges. Her mother returned when she was eleven, only to physically abuse her. She was raised by her grandmother, as her father was completely absent.

In 2007, she reported that her social activities include going out with her boyfriend for walks, taking her daughter to the park, being on the computer, going to the races, camping and hangout. She goes to church once a week and visits with family and friends often. She experiences extreme mood swings, panic attacks, nightmares, depression, and flash backs. At the hearing, she indicated that she is starting to learn to cope with the flashbacks. She also indicated that she has been clean and sober since late 2005, with one relapse in 2008.

At the time of  hearing, Plaintiff was incarcerated for Forgery and Identity

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

Theft.[2] According to Plaintiff, she was given checks by her dad and she cashed them. During her prior incarceration in 2007, she obtained her GED.

**V.    The ALJ's findings**

The ALJ noted that Plaintiff attained the age of 22 on June 25, 2005. Thus, to receive benefits, Plaintiff needed to show that she was disabled before this date.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the relevant period.[3]

At step two, the ALJ found that Plaintiff has the following severe impairments: attention deficit hyperactivity disorder (ADHD), bipolar disorder, post-traumatic stress disorder (PTSD), personality disorder, history of methamphetamine abuse in reported sustained remission since 2006, and a history of possible cannabis use.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal any of the listed impairments described at 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525, 404.1526, 416.925 and 416.926). (Tr. 24.) The ALJ found the mental impairment(s) did not satisfy the criteria of paragraphs "B" or "C" of the applicable mental disorder listing. (Tr. 24.)

At step four, the ALJ found that Plaintiff had not engaged in past relevant work but had the residual functional capacity to perform work at all exertional levels with the following non-exertional limitations: able to simple and some

---

[2]Her prior arrests include: driving while license suspended or revoked; taking motor vehicle without owner's permission; shoplifting; unlawful use of payment instrument; petty theft; vehicle operator - refuse to comply with police.

[3]The ALJ noted that Plaintiff worked at Subway Sandwich Shop for a short period, but found that this work activity did not rise to the level of substantial gainful activity. (Tr. 21.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

complex, repetitive, well-learned tasks, but her attention and concentration may episodically be distracted due to psychological symptoms; working away from the general public due to her anxiety and personality disorders, but able to work with familiar co-workers and her supervisor, but may need assistance with the development of work-related goals. (Tr. 24.) She concluded that Plaintiff could perform a wide range of work in the economy, including sorter, mail clerk, and cleaner I, and therefore, Plaintiff was not disabled.

## VI.   Issues for Review

Plaintiff presents the following issues for review:

1.  Did the ALJ err in improperly rejecting the opinions of Plaintiff's treating medical providers and testimony of lay witnesses?

2.  Did the ALJ err in finding Plaintiff's obesity and anxiety as non-severe?

3.  Did the ALJ err in failing to meet her burden at step five to identify specific jobs, available in significant numbers, that Plaintiff could perform in light of her specific functional limitations?

## VII.  Discussion

### 1.   Treating / Examining Medical Providers

Plaintiff argues the ALJ improperly rejected the opinions of her treating medical providers. Specifically, Plaintiff argues the ALJ improperly rejected the opinions of Dr. McRae, Dr. Schultz, Ms. Molina, Ms. Davis, and reviewing State Agency medical consultant Dr. Kraft.

Generally, "the opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (internal citation and quotation omitted). In addition, if a claimant has a treatment relationship with a provider, and that provider's opinion is supported by clinical evidence and not inconsistent with the record, the provider will be given controlling weight. 20 C.F.R. § 416.927(c)(2). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1  must state clear and convincing reasons that are supported by substantial

2  evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (internal

3  citation omitted). "If a treating or examining doctor's opinion is contradicted by

4  another doctor's opinion, an ALJ may only reject it by providing specific and

5  legitimate reasons that are supported by substantial evidence." *Id.* Furthermore, if

6  the treating physician's opinion is conclusory, brief, and unsupported by clinical

7  findings, an ALJ need not accept it in light of conflicting opinions. *Tonapetyan v.*

8  *Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

9      The ALJ relied on Dr. Kraft's conclusions to find Plaintiff "not disabled."

10  Dr. Kraft determined based on her review of the record that Plaintiff was able to

11  do simple and some complex repetitive well-learned tasks, but that her attention

12  and concentration may be episodically distracted.  (Tr. 512.) Dr. Kraft concluded

13  that Plaintiff needed to work away from the public due to her anxiety. *Id.*

14  Ultimately, Dr. Kraft found Plaintiff to have no more than moderate functional

15  limitations (Tr. 506, 510.) The ALJ incorporated Dr. Kraft's limitations into the

16  hypothetical given to the vocational expert.

17      The ALJ considered Dr. Schultz's opinion, but gave it little weight. Dr.

18  Schultz's opinion was based on a one-time psychological examination. Dr. Schultz

19  concluded that Plaintiff would not be able to function in a work environment. (Tr.

20  493.) The ALJ gave little weight to the opinion because she concluded that it was

21  not supported by commensurate clinical findings of mental status abnormality or

22  documented in the records of treating and examining medical sources; because Dr.

23  Schultz placed an inordinate degree of reliance on Plaintiff's subjective

24  allegations; and because Dr. Schultz did not identify any specific impairment-

25  related limitations that would restrict Plaintiff's ability to work. (Tr. 28-29.) The

26  ALJ erred in rejecting Dr. Schultz's opinions regarding Plaintiff's ability to work

27  because her opinion, contrary to the ALJ's findings, is consistent with other

28  provider's opinions regarding limitations caused by her PTSD (flashbacks and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

panic attacks) and her ADHD. Dr. Schultz noted that Plaintiff has affective instability, impulsivity, failure to conform to social norms, repeated failure to sustain consistent work and a history of suicide attempts. This is consistent with the other providers' conclusions.  Notably, the ALJ also rejected these providers' conclusions as being inconsistent with the record. Moreover, there is nothing in the record to suggest that Dr. Schultz simply reiterated what Plaintiff reported. Rather, her opinion was based on a clinical interview, objective testing, and a review of Plaintiff's treatment notes.

With respect to Dr. McRae, the ALJ noted that nothing in the record indicates that Dr. McRae ever examined or treated Plaintiff for any of her alleged mental impairments. (Tr. 28.) Dr. McRae concluded that Plaintiff would not be able to accept instruction.  (Tr. 454.) Also, the ALJ gave little weight to Dr. McRae's opinion because it was based on a review of one medical report and not from the entirety of Plaintiff's medical history. (Tr. 28.) The ALJ erred in rejecting Dr. McRae's opinion. The record reflects that his opinion is consistent with the record as a whole, and the ALJ failed to provide any examples of where his opinion was inconsistent with the medical record.  Moreover, the record supports Dr. McRae's conclusion that Plaintiff has a long history of poor adaption, and she would have difficulty in accepting instruction.

The ALJ gave little weight to Ms. Molina's opinion because it was inconsistent with the record as a whole.  (Tr. 29.) The ALJ explained that he did not give Ms. Moline's opinion much weight because there were other treatment records during that time that indicated Plaintiff was exhibiting good results on her medications and that she was stable. *Id.*

Ms. Molina concluded that Plaintiff had the following severe limitations: exercise judgment and make decisions, learn new tasks, understand, remember and follow complex instructions, relate appropriately to coworkers and supervisors, interact appropriately with the public, and respond appropriately to and tolerate

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

the pressure and expectations of a normal work setting. (Tr. 537.) Ms. Molina assessed marked limitations in the following: ability to care for self, including personal hygiene and appearance and control physical movements and maintain appropriate behavior; and marked limitations in: ability to understand, remember, and follow simple instructions. *Id.* Ms. Molina concluded that Plaintiff would not be able to work in a regular or predictable manner, even with treatment. (Tr. 538.)

The ALJ erred in not giving Ms. Molina's opinion more weight. Ms. Molina had a lengthy treating relationship with Plaintiff. While the ALJ must look to an "acceptable medical source" when determining what impairments exists, but when considering the severity of the limitations, the ALJ must also consider the opinion of "other sources," such as therapists. 20 C.F.R. 404.1513. The ALJ erred in summarily rejecting Ms. Molina's assessment as inconsistent with the record; rather, in rejecting the opinion, the ALJ should have identified what evidence contradicted Molina's assessment and explain why the contrary evidence was given greater weight.

Also, the ALJ gave little weight to the evaluation by Kathleen Davis because she gave little explanation as to how she arrived at her conclusions. (Tr. 28.) The ALJ also noted that Ms. Davis was not Plaintiff's treatment provider and had never examined Plaintiff prior to rendering her opinion that Plaintiff would be impaired for her lifetime. *Id.* The ALJ questioned whether Ms. Davis was qualified to render any opinion concerning Plaintiff's mental work-related limitations.

Ms. Davis concluded that Plaintiff's mental disorders caused the following: *severe—depressed* mood, verbal expression of anxiety or fear, expression of anger, and social withdrawal; *marked—global* illness; and *moderate—*suicidal trends, motor agitation, paranoid behavior, hallucinations, thought disorder, hyperactivity, and physical complaints. (Tr. 414.) Ms. Davis noted that Plaintiff has *marked* limitations in the ability to exercise judgment and make decisions; perform routine tasks; interact appropriately in public contacts and respond

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

appropriately to and tolerate the pressures and expectations of a normal work setting. (Tr. 415.) She found that Plaintiff had *moderate* limitations in her ability to relate appropriately to coworkers and supervisors. *Id.*

The ALJ erred in summarily rejecting Ms. Davis' conclusions, without further contacting her for clarification of her credentials and obtaining further explanation regarding her conclusions. Moreover, Ms. Davis indicated the basis for her conclusions was on the interview with Plaintiff. Also, Ms. Davis' conclusions are consistent with other treating providers.

The ALJ erred in rejecting the conclusions of Dr. McRae, Dr. Schultz, Ms. Molina, and Ms. Davis. As a consequence, the ALJ's RFC determination is not supported by substantial evidence.

### 2.    Testimony of Lay Witnesses

Plaintiff argues the ALJ improperly rejected the testimony of Mary Cline, Plaintiff's grandmother, contained in the Third Party Function Reports, concluding that she is not medically trained to make exacting observations as to the dates, frequencies, types and degrees of medical signs and symptoms or the frequency or intensity of unusual moods or mannerisms.  (Tr. 26.) She also discounted her testimony because she was not a disinterested third-party and concluded that her testimony would be colored by affection for the claimant. *Id.* Finally, the ALJ concluded that her testimony was not consistent with the evidence of the record. *Id.*

Plaintiff's grandmother filled out a Third Party Function Report on February 28, 2008. (Tr. 273.) She reported that Plaintiff has never been able to understand responsibility and her mind does not want to shut off. (Tr. 274.) She indicated that Plaintiff lacks personal hygiene. (Tr. 274.) She stated that Plaintiff needs reminders to take her meds, is able to prepare her food, and performs dishes, sweeping, and some laundry. (Tr. 275.) Her hobbies are watching T.V.

20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that the Social Security

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

1   Administration will, "in addition to evidence from the acceptable medical sources

2   ... also use evidence from other sources to show the severity of [plaintiff's]

3   impairment(s) and how it affects [his] ability to work." 20 C.F.R. §§ 404.1513(d),

4   416.913(d). Such other sources include spouses, parents and other care givers,

5   siblings, other relatives, friends, neighbors, and clergy. *Id.*  Lay witness testimony

6   by friends and family members who have the opportunity to observe a claimant on

7   a daily basis "constitutes qualified evidence" that the ALJ must consider. *See*

8   *Sprague v. Bowen,* 812 F.2d 1226, 1231–32 (9th Cir. 1987); *see also Dodrill v.*

9   *Shalala,* 12 F.3d 915, 919 (9th Cir. 1993) ("[a]n eyewitness can often tell whether

10  someone is suffering or merely malingering .... While this is particularly true of

11  witnesses who view the claimant on a daily basis, the testimony of those who see

12  the claimant less often still carries some weight."). To reject lay testimony, an ALJ

13  must give reasons "germane to each witness" for doing so. *Dodrill,* 12 F.3d at 919.

14  Failure to consider lay testimony will be considered harmless error only if "it [is]

15  clear from the record that an ALJ's error was 'inconsequential to the ultimate

16  nondisability determination.'" *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 885 (9th

17  Cir. 2006) (*quoting Stout v. Commissioner,* 454 F.3d 1050, 1055–56 (9th Cir.

18  2006)).

19      The ALJ erred in rejecting the testimony of Plaintiff's grandmother. Ms.

20  Cline filled out two Third Party Function Reports. The Court has reviewed the

21  reports and it cannot see where Ms. Cline attempted to make exacting observations

22  as to the dates, frequencies, types and degrees of medical signs and symptoms. She

23  simply answered the questions posited to her on the form. It is not proper to reject

24  a third-party's testimony simply because the person is a family member. Indeed, if

25  this were true, a family member's testimony would be rejected in almost any case.

26  Finally, the ALJ failed to provide any explanation as to what testimony was

27  inconsistent with the other evidence in the record.

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 12

### 3. Obesity

Plaintiff argues the ALJ erred in omitting obesity and anxiety as severe impairments.

#### a. Obesity

"[O]besity is a "severe" impairment when, alone, or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-1P, 2002 WL 34686281. It is "not severe" only if it is a slight abnormality that has not more than a minimal effect on the individual's ability to do basic work activities. *Id.* It is the ALJ's responsibility to determine the effect of a claimant's obesity on her other impairments, as well as its effect on her overall health and ability to work, given the existence of other impairments. *See Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003). The *Celaya* court expressly stated that the ALJ's duty to develop the record with respect to obesity applies "even when the claimant is represented by counsel." *Id*. at 1183.

Here, obesity was evident from the record. At the hearing, Plaintiff testified that she was severely obese, which affected her depression. (Tr. 54.) However, no doctor has assessed any physical limitations due to obesity. Notably, Plaintiff consistently reported to her treatment providers and evaluators that she is able to do dishes, grocery shop, laundry, and vacuum and sweep.

The ALJ did not err in finding that obesity was "non severe." There is substantial evidence in the record for the ALJ to conclude that Plaintiff's obesity was "not severe" because it has no more than  a minimal effect on her ability to do basic work activities.

#### b. Anxiety

Here, the ALJ did not identify anxiety as a "severe impairment" at step two, but included in the RFC the limitation that Plaintiff should work away from the general public due to her anxiety and personality disorders, but could work with familiar co-workers and her supervisor. (Tr. 24.) The ALJ specifically

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

incorporated the limitations identified by Dr. Johnson, based on his conclusion that she has some anxiety issues.

Thus, any error in failing to identify anxiety as a "severe impairment" was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that any error by the ALJ in neglecting to list an impairment in Step 2 was harmless because the decision reflected that the ALJ considered any limitations posed by the impairment at Step 4).

### 4.    Proper Hypothetical Question to Vocational Expert

Plaintiff argues the ALJ erred by posing an incomplete hypothetical. Specifically, Plaintiff argues that the ALJ's hypothetical failed to account for the many limitations she improperly rejected, such as Plaintiff's anxiety driven flash backs and the combination of a variety of mental impairments evidenced in Dr. Kraft's opinions and Plaintiff's mental health therapists. According to Plaintiff, if the ALJ included these impairments, she would be precluded from competitive employment completely.

The ALJ instructed the vocational expert to consider the limitations set forth in Exhibit 18F, which included: performance of simple, routine tasks, some complex tasks that are repetitive and well-learned, working away from the public due to anxiety and personality disorder, but could work with familiar co-workers and supervisor. (Tr. 64-65). The vocational expert was asked to consider her flashbacks that would interfere with her concentration so that she would be unable to tolerate exposure to workplace hazards. (Tr. 65). The vocational expert found that Plaintiff could perform the positions of sorter, mail clerk, and cleaner I. *Id.*

In the second hypothetical, the ALJ added a greater degree of restriction in terms of the ability to deal with co-workers that was limited to no more than casual supervision interaction.  (Tr. 66). The vocation expert found that this would not affect the ability to perform the identified employment. *Id.*

In the third hypothetical, the ALJ added the limitation that due to flash backs and the combined effects of a variety of mental impairments that would

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

have significant interference with psychological symptoms during a typical eight hour work day, to the point where the performance of even simple routine tasks would be impossible on a reliable basis without at least special, supportive supervision. (Tr. 66). The vocational expert concluded that such an individual could not perform competitive employment.

Here, if the ALJ were to provide proper weight to Dr. Schultz, Ms. Molina, Dr. McRae, and Ms. Davis, she would have concluded that the third hypothetical was the accurate assessment of Plaintiff's residual functional capacity. Substantial evidence supports a finding that Plaintiff has significant (severe or marked) limitations in exercising judgment, making decisions, performing routine tasks, ability to remember and follow instructions.

**VIII. Conclusion**

Generally, after it has been determined that the ALJ erred, the proper course of proceedings is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). In certain circumstances, the district court should remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the ALJ failed to provide legally sufficient reasons for rejecting the evidence, namely the testimony of Plaintiff's treatment providers. Given that the vocational expert concluded that an individual with Plaintiff's restrictions as identified by her treatment providers could not engage in competitive employment, it is clear from the record the ALJ would be required to find Plaintiff disabled were such evidence credited.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF 18, is **GRANTED**.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**

2.  Defendant's Motion for Summary Judgment, ECF No. 21, is **DENIED.**

3.  The decision of the Commissioner denying benefits is reversed. The case is remanded to the Commissioner to determine the appropriate award of benefits.

4.  The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 15th day of July, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Cline\sj2.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16**